IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| DERRICK FIELDS | § | |
| v. | § | CIVIL ACTION NO. 5:24cv70 |
| SHERIFF JEFF NEAL | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Derrick Fields, an inmate of the Bowie County Correctional Center proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and Local Rule CV-72 of the Local Rules of Court for the Eastern District of Texas. The sole named Defendant is Bowie County Sheriff Jeff Neal.

**I. The Plaintiff's Amended Complaint**

After review of the Plaintiff's complaint, the Court directed him to file an amended complaint setting out a short and plain statement of his claims with factual specificity. The Court gave guidance to Plaintiff in filing his amended complaint by specifying that Plaintiff should provide: (1) a concise statement of each of the claims he wished to raise, including specific facts rather than conclusory allegations; (2) the individual, individuals, or entities whom Plaintiff wished to sue; (3) a statement of how each named defendant is involved in the facts forming the basis of the lawsuit; (4) the harm suffered by Plaintiff; and (5) the relief sought. (Docket no. 4). Plaintiff filed his amended complaint on June 10, 2024 (docket no. 8). The amended complaint supersedes the original and is the operative pleading in the lawsuit. *See Montgomery v. Walton*, 759 F.App'x 312, 2019 U.S. App. LEXIS 880, 2019 WL 166016 (5th Cir., January 10, 2019) (*citing King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)) (amended complaint supersedes the original and renders it of no

legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading, which Plaintiff's amended complaint here does not). Plaintiff complied with this order on June 3, 2024.

In his amended complaint, Plaintiff states that Sheriff Neal is responsible for the jail and the environment in which the inmates are housed. He says that the ceiling is falling in, with large chunks of black mold and asbestos and water dripping down on him. He contends that the conditions are cruel and unusual and could lead to a lifetime of illness such as cancer; Plaintiff states that he has a "bad cough" from this. He asks for $200,000.00 in damages plus interest, or release.

## II. Discussion

Plaintiff was ordered to file his amended complaint on May 22, 2024. At the same time, the Court also ordered him to pay an initial partial filing fee of $3.00, in accordance with 28 U.S.C. § 1915(b). Plaintiff has not complied with this order nor shown good cause for his failure to do so. His amended complaint includes an inmate trust account statement, but this statement ends on May 15, 2024, prior to the entry of the order directing payment of the initial partial filing fee. Plaintiff's failure to comply with this order or show good cause for the failure to do so renders his lawsuit amenable to dismissal for failure to prosecute or to obey an order of the Court. Fed. R. Civ. P. 41(b).

However, Plaintiff's lawsuit suffers from a more significant flaw. He complains of the conditions of confinement in the jail and sues only Sheriff Neal, explaining that the sheriff is "over the jail where I am housed" and "is responsible for the jail and the environment we are housed in." (Dkt. No. 8, pp. 3-4). This is a claim of supervisory or *respondeat superior* liability, which is generally not applicable in §1983 cases. *Cash v. Rupert*, 777 F.App'x 110, 110-11 (5th Cir. 2019), (citing *Cozzo v. Tangipahoa Parish Council-President Gov't*, 279 F.3d 273, 286 (5th Cir. 2002)). The Fifth Circuit has held that supervisors are not vicariously liable under § 1983 under any theory of supervisory liability for any actions or omissions by their employees. *Alderson v. Concordia Parish Correctional Facility*, 848 F.3d 415, 419 (5th Cir. 2017); *see also Ashcroft v. Iqbal*, 556 U.S. at 676

(government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondent superior).

Instead, a supervisor may be held liable only if he affirmatively participates in the acts causing a constitutional deprivation or implements unconstitutional policies which causally result in the constitutional injury. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). Plaintiff has not alleged any facts showing that Sheriff Neal affirmatively participated in acts causing a constitutional deprivation or implemented unconstitutional policies or customs resulting in a constitutional injury. *See Spiller v. City of Texas City, Texas Police Department*, 130 F.3d 162, 167 (5th Cir. 1997) (in order to satisfy the cause in fact requirement, the plaintiff must allege that the custom or policy served as the moving force behind the constitutional violation at issue or that his injuries resulted from the execution of the policy or custom; the description of the policy or custom and its relationship to the underlying constitutional violation cannot be conclusory, but must contain specific facts). Instead, Plaintiff alleges only that Sheriff Neal is in charge of the jail, which is not sufficient to impute liability. Plaintiff has failed to state a claim upon which relief may be granted against Sheriff Neal.

## III. Conclusion

28 U.S.C. § 1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts that, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level. *Montoya v. FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim has factual plausibility when the pleaded factual content

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This plausibility standard is not akin to a probability requirement, but asks for more than a possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Detailed factual allegations are not required, but the claim must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677-78. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*. at 678.

A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible," if the complaint pleads facts merely consistent with or creating a suspicion of the defendant's liability, or if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006). *Pro se* plaintiffs are held to a more lenient standard than are lawyers when analyzing a complaint, but *pro se* plaintiffs must still plead factual allegations which raise the right to relief above the speculative level. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010), *citing Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Dismissal is proper if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios*, 444 F.3d at 421.

The Fifth Circuit has explained that while *pro se* complaints are given the benefit of liberal construction, such litigants are not exempt from the requirement that they plead sufficient facts to

allege a plausible claim for relief or from the principle that mere legal conclusions do not suffice to prevent dismissal. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). This means that the court is still bound by the allegations of the complaint and is not free to speculate that the plaintiff "might" be able to state a claim if given yet another opportunity to amend the complaint. *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). The court explained as follows:

> For example, if an IFP plaintiff, in amending his complaint through a response to a questionnaire, alleges in his response that he received inadequate medical care while incarcerated, we should not reverse the dismissal of the complaint on the basis that the plaintiff could possibly add facts that would demonstrate that he was treated with deliberate indifference in the medical care that he received. As another example, if an IFP prisoner asserts in the questionnaire response that he has been denied recreation time, we should not reverse dismissal on the ground that he might also be able to assert a claim that the denial was in retaliation for his having filed a grievance.

*Id.* at 97.

Plaintiff's lawsuit fails to state a claim upon which relief may be granted because he asserts only *respondeat superior* liability against the sole named Defendant, Sheriff Jeff Neal. Consequently, his lawsuit should be dismissed; in the interest of justice, this dismissal should be without prejudice.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed without prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. § 195A.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is

found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 11th day of July, 2024.

J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE